IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEVELLE HENDERSON                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:11CV141-SA-DAS

SGT. CHAD GARNETT, et al.                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On February 29, 2012, plaintiff, an inmate at the Oktibbeha County jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Henderson complains that the individual defendants are culpable of slandering and defaming him. He asserts facts which may make out claims for false arrest, false imprisonment and /or malicious prosecution of kidnapping/robbery charges. He claims that the prosecution terminated in his favor with the grand jury refusing to indict him. Process shall be issued as to these claims and the individual defendants.

Henderson has, however, sought to join the Starkville Police Department as a defendant in this action. The plaintiff has failed to state a claim as to this defendant. In a § 1983 action the employers and supervisors cannot be held liable for the actions of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). Henderson has not alleged any policy by this entity that caused any constitutional deprivation. For this reason the Starkville Police Department should be dismissed from this action.

Additionally, the police department is not a suable entity. Rule 17(b) of the Federal Rules of Civil Procedure governs the determination of the capacity to sue and be sued. Like its county-wide corollary, the Sheriff's Department, a city's police department has no legal identity separate and apart from the municipality it serves. *Malatesta v. Tunica County Sheriff's Dept.*,

1996 WL 408068. *1 (N.D. Miss. June 14, 1996)(City police department dismissed because it had no legal existence for the purposes of § 1983 litigation).

The undersigned recommends that the Starkville Police Department be dismissed from this action.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 1st day of March, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE